UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, # 289114, | ) C/A No. 2:11-cv-0538-SB-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Evans CI Medical, *Doctor/Nurses*, | ) |
| Defendant. | ) |

### *Background of this Case*

Plaintiff is an inmate at the Evans Correctional Institution, where he is serving a four-year sentence for assault upon a local correctional employee. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that Plaintiff's projected release date is December 8, 2011.

In the above-captioned case, Plaintiff has brought a civil rights action, pursuant to 42 U.S.C. § 1983, relating to his medical care received at the Evans Correctional Institution. Plaintiff indicates that he has filed a grievance but has not received a final answer on his grievance. Plaintiff states that he is concerned about his swollen feet and right leg, difficulty walking, dizziness, pain, and difficulty breathing. Plaintiff reveals that he has been seen twice at Carolina Image Care, but has not been provided the results of testing there. Part V (the "Relief" portion) of the Complaint is left blank, except for Plaintiff's signature and

date. Plaintiff, however, on page 3 of the Complaint writes: "Please have some one to look into this matter[.]" (Complaint [ECF No. 1], at page 5).

## *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Although Plaintiff raises facially-cognizable claims relating to medical care, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the named defendant — the "Evans CI Medical, Doctor/Nurses" — is not an identifiable person subject to service of process. *See Barnes v. Baskerville Corr. Ctr. Med. Staff*, No. 3:07cv00195, 2008 WL 2564779, *1 (E.D. Va. June 25, 2008), which cites *Brownlee v. Williams*, Civil Action No. 2:07-0078-DCN-RSC, 2007 WL 904800, at *2 (D.S.C. March 22, 2007) ("Additionally, use of the term 'staff' or the equivalent as a name for alleged defendants, without the naming of specific staff members,

is not adequate to state a claim against a "person" as required in section 1983 actions. Therefore, Medical Dept. Staff Nurses is not a proper defendant under section 1983 and the Complaint against this Defendant should be dismissed.")(citation omitted); *Martin v. UConn Health Care*, 2000 WL 303262, *1 (D. Conn. Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991); and *Johnson v. Nelson*, No. 1:06-CV-145(WLS), 2008 WL 2123756 (M.D. Ga. May 16, 2008) ("Plaintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action. Therefore, the Undersigned RECOMMENDS that the Autry State Medical Staff Provider be dismissed from this action.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important Notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 16, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).